STEPHEN B. McCREA
Attorney at Law
P.O. Box 1501
608 Northwest Blvd., Suite 101
Coeur d'Alene, ID 83814
(208) 666-2594 | FAX (208) 664-4370
email: sbmccrea@cda.twcbc.com
Idaho State Bar No. 1654

Attorney for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. 10-20987-TLM |
| Legacy House Post Falls, LLC, ) | |
| ) | Chapter 11 |
| Debtor in Possession. ) | |
| ) | |

### 3rd AMENDED CHAPTER 11 PLAN OF REORGANIZATION OF LEGACY HOUSE, LLC

ARTICLE I

SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Legacy house, LLC. (the "Debtor") from cash flow from operations, or future income.

This Plan provides for five classes of secured claims; two classes of unsecured claims; and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions equaling 100% of their allowed amount plus interest at 3.25% per annum. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Article II of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been

circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 There are no claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.2 Claims of the United States Internal Revenue Services and Idaho State Tax Commission shall be treated as follows: The following lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

IRS: $164,246.13

State Tax Commission: $8159.50

The Internal Revenue Service shall retain its lien on debtor's property until all sums, including accrued interest, are paid in full, in monthly installments, no later than July 28, 2015.

2.21. If the debtor or successor in interest fails to make any deposits of any currently accruing employment tax liability or fails to make payment of any tax to the internal Revenue Service within 30 days of the due date of such deposit or payment, or if the debtor or the successor in interest fails to file any required federal tax return within 30 days of the due date of such return, or if the debtor fails to make any payment under the Plan, then the United States may declare that the debtor is in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the successor in interest or debtor is in default.

2.22 If the United States declares the debtor or the successor in interest to be in default of the debtor's obligations under the Plan, then the entire pre-petition liability shall become due and payable immediately upon written demand to the debtor or the successor in interest.

2.23 If full payment is not made within 14 days of such demand, or other arrangement agreed to in writing, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code. The debtors and all the debtors' property shall be liable for such unpaid liabilities as if no bankruptcy had occurred.

2.24 Setoff: The Internal Revenue Service may setoff pre-petition overpayments against pre-petition tax balances due from the debtors as allowable under law, notwithstanding any

contrary provisions in the plan.

2.25 Priority tax claims shall be paid in the amount set forth for the Internal Revenue Service and State Tax Commission at the rate of interest of 3% per annum and within 60 months of the date of filing of this Chapter 11 proceeding.

2.26 If the Idaho State Tax Commission declares the debtor or the successor in interest to be in default of the debtor's obligations under the Plan, then the entire pre-petition liability shall become due and payable immediately upon written demand to the debtor or the successor in interest.

2.27 If full payment in not made within 14 days of such demand, or other arrangement agreed to in writing, then the Idaho State Tax Commission may collect any unpaid liabilities through the administrative collection provisions of the Idaho State Tax Commission. The debtors and all debtors' property shall be liable for such unpaid liabilities as if no bankruptcy had occurred.

**2.28 PAYMENTS SHALL COMMENCE IN THE MONTH FOLLOWING CONFIRMATION OF THE PLAN.**

2.3.1 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

2.3.2 Fees for the attorney's involved shall be approved by the court and paid from operating revenues. Post petition fees are estimated to be approximately $8,000.00.

2.4 **Classes of Secured Claims**

Allowed Secured Claims are claims secured by property of the Debtor's bankruptcy estate to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

2.4.1 **Class One: Global Credit Union**

The allowed fully secured claim of Global Credit Union ("Global") under the Promissory Note, Security Agreement, Deed of Trust and Assignment of Rents dated August 28, 2008 and all modifications thereof (hereinafter collectively referred to as "Note 1") shall be treated as follows: Global will retain its liens and security interests upon the real and personal property of the Debtor, the debtor in possession, the reorganized Debtor, and any non-debtors, and all of its rights and

interests under its agreements with the Debtor and any non-debtors except as specifically modified herein. The agreements between the Debtor, any non-debtors and Global, including, but not limited to Note 1, shall remain in full force and effect and shall be binding on the reorganized debtor, except as modified by this Plan, whether or not the Debtor is granted a discharge as described in paragraph V. below. Commencing on the seventh day of the month following the month in which confirmation occurs, unless confirmation occurs prior to the seventh day of the month, in which case the payments will commence on the seventh day of the month in which confirmation occurs, Debtor shall make monthly payments to Global of interest only accruing at the rate of 6.00% per annum on the principal balance. Said payments shall be in the amount of $9,972.74 per month, and shall continue for the succeeding five months. Commencing with the payment due in the seventh month after confirmation, the balance of the obligation owed to Global under Note 1, including all principal, and all pre-petition, pre-confirmation and post confirmation unpaid interest, late fees, costs and attorney fees, will be paid in monthly installments as calculated by Global based on the amortization of said obligation over 30 years from the date of confirmation with interest at the rate of 6.00% per annum computed from the date of confirmation of this plan. Global estimates that said payment will be approximately $13,000.00 per month. Said payments shall first be applied to delinquent interest, then to late fees and attorney's fees and costs, then to non-delinquent unpaid accrued interest and then to principal. The Debtor shall continue making said monthly payments to Global until the maturity date set forth below. Provided, however, the interest rate shall be adjusted on October 1, 2013 to a rate equal to the Long-Term Fixed-Rate Bullet 5 year rate of the Federal Home Loan Bank of Seattle at the time of said adjustment, plus 2.250% rounded up to the nearest 1/8%, as provided in Note 1, which rate shall apply until the maturity date, when the entire remaining balance of all remaining unpaid principal, interest, late fees, costs and attorney fees shall be fully due and paid to Global. The maturity date shall be the ten year anniversary of the date of confirmation of this plan.

In the event of a default under the Plan, failure to make any payment required by the Plan or a default of any provision of the Debtor's and non-debtors' agreements with Global, Global shall be entitled to exercise all remedies permitted under its agreements with the Debtor and any non-debtors and under applicable non-bankruptcy law without having to reopen this bankruptcy case or otherwise seek relief from the Court.

3rd AMENDED CHAPTER 11 PLAN: PAGE 4 (3/31/11)

### 2.4.2 Class Two: U.S. Small Business Administration (SBA)

The allowed claim of the SBA will be paid as follows: Interest only for 12 months at rate of 3.25% per annum in the amount of $3,819.73. Thereafter the balance of the debt including all principal, interest, costs and attorney fees will be paid in a monthly amount of $6,701.85 through the maturity date of June 1, 2038 amortized at the rate of 3.25% per annum computed from the date of filing this Chapter 11 proceeding. Payment shall be applied first to interest and then to principal and interest when the accrued interest has been paid. There will be a balloon payment due at the maturity of the note.

### 2.4.3 Class Three: Global Credit Union

The allowed claim of Global under the Promissory Note and Deeds of Trust dated September 3, 2008 and all modifications thereof (hereinafter collectively referred to as "Note 2") shall be treated as follows: Global shall retain its lien and security interests on the property of debtor, debtor in possession, reorganized debtor and any non-debtors, including the principal of debtor and all of its rights and interests under its agreements with the debtor and any non-debtors except as specifically modified herein. The agreements between the debtor, any non-debtors and Global, including, but not limited to Note 2, shall remain in full force and effect and shall be binding on the reorganized debtor, except as modified by this Plan, whether the debtor is granted a discharge as described in paragraph V. below or not. The entire allowed amount of Global's claim under Note 2, including all principal, and all pre-petition, pre-confirmation and post confirmation unpaid interest, late fees, costs and attorney fees, secured by such liens shall be paid in full in accordance with the agreements between Global, the Debtor and any non-debtor, including, but not limited to Note 2, except that commencing with the monthly adequate protection payment due after the date of filing this Plan and continuing until the date of confirmation, the debtor in possession will pay Global monthly adequate protection payments of interest only in the approximate amount of $356.05. Upon confirmation, the reorganized debtor shall resume the monthly payments to Global of approximately $1,418 until all amounts due under the terms of the agreements between the debtor, any non-debtors and Global, including, but not limited to Note 2, including interest at the contractual rate, late fees, attorney's fees and costs, are paid in full. Said payments shall first be applied to delinquent interest, then to late fees and attorney's fees and costs, then to non-delinquent unpaid accrued interest and then to principal.

In the event of a default under the Plan, failure to make any payment required by the Plan or

3rd AMENDED CHAPTER 11 PLAN: PAGE 5 (3/31/11)

a default of any provision of the Debtor's agreements with Global, Global shall be entitled to exercise all remedies permitted under its agreements with the Debtor and any non-debtors and under applicable non-bankruptcy law without having to reopen this bankruptcy case or otherwise seek relief from the Court.

### 2.4.4    Class Four: Financial Pacific Leasing

Payment of the sum of $25,000 at 5% interest per annum over a period of 72 months, consisting on a monthly payment of $402.62 per month until the entire sum of $25,000 plus accrued interest as payment in full of the entire amount. This was structured originally as a lease but this plan provision shall, upon completion of payments, vest title to the property in the debtor.

### 2.4.5    Class Five: Kootenai County

Past due real estate taxes accruing and payable prior to the date of confirmation at the rate of $2,500 for the first four months beginning in the month after confirmation and then $4,200 per month thereafter including interest at the statutory rate until the entire amount is paid in full.

### 2.5    *General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under §507(a) of the Code. The following identifies the Plan's proposed treatment of unsecured creditors:

2.5.1    Class Six:    Unsecured creditors are required to be paid an amount that would be received by such creditor if the Debtor were liquidated under Chapter 7 of the Code. The value of assets of the Debtor which would be available to unsecured creditors consists of the value of assets which are not exempt under Idaho law and which are not subject to liens or security interests of (secured) creditors, or in which the Debtor has equity above the value of the liens of any secured creditor. All debtor's property is subject to a security interest or other lien, thus there would be no distribution to unsecured creditors in the event of a liquidation.

2.5.2    Debtor proposes to pay each unsecured creditor in full in monthly installments including accrued interest at the rate of 3.25% per annum amortizing each unsecured creditor's balance including interest over the subsequent 72 months after confirmation computed from the date of filing this Chapter 11 proceeding.

Therefore, each unsecured creditor shall receive 100% of the amount due.

### 3. *Class[es] of Equity Interest Holders*

Equity interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are equity interest holders. In a partnership, equity interest holders include both general and limited partners. In a limited liability company ("LLC"), the equity interest holders are the members.

The sole equity interest holder is Ruby Stoker who will retain her interest in Legacy House LLC.

## ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

3.1    Claims and interests shall be treated as follows under this Plan:

Each secured claim shall be allowed in an amount to be determined by the court or in accordance with a proof of claim or the amount set forth in the schedules filed by the debtor.

Each class of secured creditors shall receive the amount set forth for the number of months set forth. After distributions pursuant to the confirmed plan have been started, debtor will seek to close the case. For long term debt, exceeding five years the case will be reopened upon completion of payments to each long term creditor.

## ARTICLE IV

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

4.1    Disputed Claim. There are no disputed claims.

## ARTICLE V

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1    Assumed Executory Contracts and Unexpired Leases.

Debtor will assume its contractual agreement with Northwest Health Systems Inc to provided pharmacy services for the residents. There is no fee for this service. Debtor will assume its agreement with Paragon, Inc. for management services as set forth in paragraph II. B. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Code, if any.

Debtor will continue to provide services to all current and future residents.

## ARTICLE VI

## MEANS FOR IMPLEMENTATION OF THE PLAN

6.1     The business will continue to be operated and it is expected that revenues will be sufficient to fund the plan.

## ARTICLE VII

## GENERAL PROVISIONS

7.1     Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

7.2     Effective Date of Plan. The effective date of this Plan is the fourteenth day in the month following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.3     Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.4     Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.5     Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.6     Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Idaho govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.7     Corporate Governance. The debtor will be prohibited from issuing nonvoting securities. There is only one class of voting securities so no class have preference over another class of securities.

## ARTICLE VIII

## NO DISCHARGE OF DEBTOR.

8.1    **If the Debtor is a corporation and § 1141(d)(3) is not applicable**

<u>Discharge.</u>  On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Pla6n, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

Respectfully submitted this ___4___ day of April, 2011.

Legacy House Post Falls, LLC.

By: _____
Ruby Stoker, Manager

_____
Stephen B. McCrea
Attorney for the Plan Proponent

Certificate of Service

I hereby certify that on the 4th day of April, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Warren S Derbidge   warren.derbidge@usdoj.gov,   USAID.ECFNOTICE@USDOJ.GOV; pamela.hamlin@usdoj.gov
Timothy J Giesa tgiesa@reedgiesa.com, tjnichols@reedgiesa.com;akhartman@reedgiesa.com
Bruce K Medeiros bmedeiros@dbm-law.net, sabrahamson@dbm-law.net
David Wayne Newman ustp.region18.bs.ecf@usdoj.gov
US Trustee ustp.region18.bs.ecf@usdoj.gov

And, I hereby certify that I have mailed by United States Postal Service the foregoing document(s) to the following non-CM/ECF Registered Participant(s):

All creditors, 20 largest unsecured creditors and parties in interest that are contained on the court's mailing matrix attached hereto.

/s/ SUSI DINGMAN, Assistant to
STEPHEN B. McCREA

Label Matrix for local noticing
0976-2
Case 10-20987-TLM
District of Idaho  [LIVE]
Coeur dAlene
Fri Mar 25 15:34:21 MDT 2011

ALMSA Inc
POB 44265
Boise, ID 83711-0265

Access Capital
1391 Warner Ave
Suite B-D
Tustin, CA 92780-6456

American Express Bank, FSB
c o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Avalon Group
2387 Ridgeview Way
Boise, ID 83712-8569

Bank of America NA
c/o Financial Pacific Leasing LLC
POB 4568
Federal Way, WA 98063-4568

Blue Ribbon
POB 798
Lewiston, ID 83501-0798

Chapman Financial Services
For N ID College Workforce Tr
POB 7100
Coeur d Alene, ID 83816-1940

Chapman Financial Services, Inc
PO Box 7100
Coeur d Alene, ID 83816-1940

Coeur d Alene Press
201 N 2nd Street
Coeur d Alene, ID 83814-2803

Warren S Derbidge
800 Park Blvd Ste 600
Boise, ID 83712-7788

Farmer Brothers Coffee
POB 79705
City of Industry, CA 91716-9705

Financial Pacific Leasing, LLC
P.O. Box 4568
Federal Way, WA 98063-4568

Global Credit Union
c/o Bruce K Medeiros
1550 Bank of America Cntr
601 W Riverside Ave
Spokane, WA 99201-0621

Global Credit Union
726 W Riverside Ave
Spokane, WA 99201-0704

Global Credit Union
Special Credits Dept.
PO Box 3200
Spokane, WA 99220-3200

Hagadone Directories Inc
POB 1266
Coeur d Alene, ID 83816-1266

Idaho State Tax Commission
Bankruptcy Unit
P O Box 36
Boise ID 83722-0036

Idaho Tax Commission
POB 76
Boise, ID 83707-0076

Intermountain Security
14375 Rockwood Court
Rathdrum, ID 83858-8861

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

James Vernon Weeks
1626 Lincoln Way
Coeur d Alene, ID 83814-2435

Klein's Disaster Clean Up
POB 3002
Hayden, ID 83835-3002

Kootenai County Solid Waste Dept
POB 9000
Coeur d Alene, ID 83816-9000

Kootenai County Treasurer
451 Government Way
Coeur d Alene, ID 83814-2988

Kootenai County Treasurer
Prosecutor - Civil Division
PO Box 9000
Coeur d'Alene ID 83816-9000

Legacy House Post Falls, LLC
22950 E Valley Way
Liberty Lake, WA 99019-9550

Marty Frantz, Tyson Frantz & Guardian
Angel Homes Post Falls I, LLC
c/o Barry W. Davidson, Esq.
601 West Riverside Avenue, #1550
Spokane, WA 99201-0603

Stephen Brian McCrea
POB 1501
Coeur d'Alene, ID 83816-1501

Bruce K Medeiros
1550 Bank of America Financial Center
601 W Riverside Avenue
Spokane, WA 99201-0621

| | | |
|---|---|---|
| David Wayne Newman<br>OFFICE OF THE US TRUSTEE US DEPT<br>720 Park Blvd., Ste. 220<br>Boise, ID 83712-7785 | Northwest BDC<br>9019 E Appleway Blvd Suite 200<br>Spokane Valley, WA 99212-2943 | Northwest Health Systems Inc<br>1011 E 2nd Ave Suite 6<br>Spokane, WA 99202-2207 |
| Post Falls Computer<br>920N Shannon<br>Post Falls, ID 83854-6000 | Randy Bates<br>1119 Ironwood Parkway<br>Coeur d Alene, ID 83814-1412 | Ruby Stoker<br>22950 E Valley Way<br>Liberty Lake, WA 99019-9550 |
| Ruby Stoker<br>22950 E Valleyway<br>Liberty Lake, WA 99019-9550 | Senior Pages<br>611 E Lakeview Lane<br>Spokane, WA 99208-8979 | ThyssenKrupp Elevator Corp<br>POB 933004<br>Atlanta, GA 31193-3004 |
| Tyson Frantz<br>Marty Frantz<br>c/o Mark A Jackson<br>110 Wallace Avenue<br>Coeur d Alene, ID 83814-2948 | U.S. Small Business Administration<br>Attn: Legal/Pang<br>2401 Fourth Ave., Ste. 450<br>Seattle, WA 98121-3459 | US Trustee<br>Washington Group Central Plaza<br>720 Park Blvd, Ste 220<br>Boise, ID 83712-7785 |
| Valley Empire Collection<br>11707 E Montgomery<br>Spokane WA 99206-4746 | Tyler S Wirick<br>Law Offices of Tyler S. Wirick<br>111 N. 2nd St.<br>Suite 204<br>Coeur d'Alene, ID 83814-2746 | Wright Mature Market Services<br>4814 N 28th Street<br>Tacoma, WA 98407-3916 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
Central Insolvency Operations
POB 21126
Philadelphia, PA 19114-0326


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Marty Frantz | (u)Tyson Frantz | (u)Guardian Angel Homes Post Falls I, LLC |
| (u)Terry L Myers | End of Label Matrix<br>Mailable recipients    44<br>Bypassed recipients    4<br>Total    48 | |